IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEMARKO STEWARD,

    Defendant.

No. 08-cr-30060-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on defendant DeMarko Steward's *pro se* motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Docs. 63 & 68).   Counsel was appointed and has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 70).   *See Anders v. California*, 386 U.S. 738, 744 (1967).   Neither the Government nor the defendant has responded, although they were given an opportunity to do so.

    Steward pled guilty to two counts of distribution of crack cocaine, one count of distribution of cocaine, and one count of possessing a firearm as a felon.   At sentencing, the Court found by a preponderance of the evidence that Steward's relevant conduct for the drug charges was approximately 230.24 kilograms of marihuana equivalent, which under the 2007 version of United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1, yielded a base offense level of 24.   Steward's base offense level for the firearm possession offense started at 24 under U.S.S.G. § 2K2.1(a)(2) because he had at least 2 felony convictions for a controlled substance offense, and was increased by 4 points under U.S.S.G. § 2K2.1(b)(6) to 28 because the firearm was used in

connection with another felony offense. Had the Court based its sentence on the base offense levels set forth above, it would have used the offense level of 28 because it was the higher of the 2 levels. However, the Court further found that Steward was a career offender under U.S.S.G. § 4B1.1 based on 3 prior drug felony convictions, which raised his base offense level to 34. His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because he timely accepted responsibility for his offenses, yielding a total offense level of 31. Considering the defendant's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison. The Court imposed a sentence of 200 months in prison.

On appeal, the Court of Appeals found the Court's guideline calculation was correct, including the career offender enhancement, but remanded for further explanation of the rationale for the Court's sentence. At resentencing, the Court made the same guideline findings, but departed downward based on mitigating circumstances to impose a 144-month sentence.

The defendant now asks the Court to apply changes to U.S.S.G. § 2D1.1 to lower his sentence. His first motion (Doc. 63) seeks a reduction following Amendment 750 (as amended by Amendment 759), which amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. See U.S.S.G. § 1B1.10(c) (2011). His second motion (Doc. 68) seeks a reduction following Amendment 782, which amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. See U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.  *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).  Although Amendments 750 and 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.  Thus, his offense level and his guideline range have not been lowered by Amendment 750 or 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** his *pro se* motions for a sentence reduction

(Docs. 63 & 68), **GRANTS** counsel's motion to withdraw (Doc. 70) and **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** from this case.

**IT IS SO ORDERED.**
**DATED:   September 19, 2016.**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**